IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
FRANK HUGH COLTON,             )
                               )     Civil No. 05-1868-PK
          Petitioner,          )
                               )
     v.                        )
                               )
GUY HALL,                      )
                               )     FINDINGS AND RECOMMENDATION
          Respondent.          )
```

    Harrison Latto
    400 S.W. Sixth Avenue, Suite 600
    Portland, Oregon  97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Kristen E. Boyd
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges convictions for Sexual Abuse in the First Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On December 8, 1999, the Baker County Grand Jury returned an indictment charging petitioner with three counts of Sexual Abuse in the First Degree. Respondent's Exhibit 102. Petitioner was acquitted on one count of Sexual Abuse in the First Degree and the jury found him guilty on the remaining two counts. The court imposed consecutive 75-month sentences on each count, with post-prison supervision of 25 months. Respondent's Exhibit 101.

Petitioner directly appealed his sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. State v. Colton, 187 Or. App. 501, 68 P.3d 274 (2003), rev. denied 335 Or. 578, 74 P.3d 112 (2003); Respondent's Exhibits 105-109.

Petitioner next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Umatilla County Circuit Court Case No. CV040391. The Oregon Court of Appeals affirmed the PCR trial court without a written opinion. Colton v.

Hill, 200 Or. App. 733, 118 P.3d 281 (2005). Petitioner did not seek review from the Oregon Supreme Court.

On December 9, 2005, approximately two months before the expiration of the one-year statute of limitations provided for under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioner filed this action. Petitioner's Memorandum in Support (#30), p. 13; 28 U.S.C. § 2244(d). In his Petition for Writ of Habeas Corpus, petitioner alleges three grounds for relief:

1. Ground One: Defense Counsel Failed to effectively and adequately represent petitioner during trial and at sentencing.

    Supporting Facts: Trial counsel failed to object to the sentence that petitioner received. The sentence was unconstitutional, as petitioner was sentence[d] to a mandatory term, and received two counts of the same charge. Trial counsel did [not] represent petitioner professional, and did not effectively and adequately investigate the case to the level of the charges.

2. Ground Two: Defense counsel failed to effectively examine petitioner's Witness.

    Supporting Facts: Trial counsel failed to ask certain questions of a Mr. Greg Boruch, who would of supported petitioner['s] alibi, and supported petitioner claim of actual innocence.

3. Ground Three: Defense counsel did not object, and preserve for appeal the court's terms of post prison supervision.

    Supporting Facts: Supporting facts show that petitioner received time beyond statutory minimum.

Respondent asks the court to deny relief on the Petition because petitioner has procedurally defaulted all his grounds for relief, the state-court decisions denying relief are entitled to

3 - FINDINGS AND RECOMMENDATION

deference, petitioner's claims are without merit, and the new claim raised in petitioner's Memorandum in Support does not relate back to his timely-filed original *pro se* Petition.

### DISCUSSION

### I.  Unargued Claims

Notwithstanding the fact that respondent fully briefed the claims set forth in the Petition, petitioner does not provide argument to support the merits of those claims. The court has nevertheless reviewed the record as to those claims and determined that they would not entitle petitioner to relief. See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

### II.  Improperly Raised Claim

In his supporting memorandum, petitioner attempts to add an additional claim alleging that imposition of consecutive sentences, based on a fact not submitted to and found to exist by a jury, deprived him of the right to a jury trial as guaranteed by the Due Process Clause of the Fourteenth Amendment. Petitioner's Memorandum in Support (#30), p. 2. Despite his arguments to the contrary, petitioner did not raise this claim in his *pro se* Petition. Accordingly, it is not properly before the court. See Rule 2 of the Rules Governing § 2254 Cases (requiring all claims to

be stated in the Petition, itself); <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994)("A Traverse is not the proper pleading to raise additional grounds for relief. In order for the State to be properly advised of additional claims, they should be presented in an amended petition or . . . as a statement of additional grounds.")

Recognizing that the court may determine, as I have, that petitioner's due process trial court error claim was not alleged in his *pro se* petition, petitioner requests leave to amend his petition to add such a claim. Petitioner's Memorandum in Support (#30), p. 13.

> The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with "leave of court" any time during a proceeding. See Fed. Rule Civ. Proc. 15(a).
>
> * * *
>
> Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence." Rule 15(c)(2).

<u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005).

The Supreme Court has held that relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims and that "an amended habeas petition...does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported

5 - FINDINGS AND RECOMMENDATION

by facts that differ in both time and type from those the original pleading set forth." Id. at 649, 664.

The Ninth Circuit, albeit in an unpublished decision, recently addressed whether claims raised in amended pleadings relate back to original, timely-filed pleadings under Federal Rule of Civil Procedure 15(c). It held that an ineffective assistance of counsel claim based on counsel's alleged substandard advice to waive the right to hold the prosecution to its burden of proving the elements of the charged offense, given before a plea proceeding, did not relate back to a trial court error claim based on the court's alleged failure to advise petitioner during the plea proceeding that he was waiving his rights to confront witnesses and not testify against himself. The court held that the two claims involved different errors, actors and times. Preston v. Harris, 216 Fed.Appx. 677 (9th Cir. 2007)(unpublished).[1]

Here, I consider whether petitioner's due process claim alleging that the trial court's imposition of consecutive sentences, based on a fact not submitted to and found to exist by a jury, deprived him of the right to a jury trial (proposed amended claim) relates back to his *pro se* ineffective assistance of counsel

---

[1] In Preston, the court noted that its decision was in accord with United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005)(holding that a claim alleging ineffective assistance based on counsel's failure to explain consequences of guilty plea did not relate back to claim alleging due process violation based on the trial court's failure to advise defendant of same consequences), cert. denied, ___ U.S. ___, 126 S.Ct. 2906, 165 L.Ed.2d 936 (2006).

6 - FINDINGS AND RECOMMENDATION

claim based on counsel's failure to object to the trial court's imposition of a mandatory term on two counts of the same charge (*pro se* Ground One claim). I conclude that the two claims are legally distinct, require different legal analyses and are based on different conduct, i.e., *sua sponte* sentencing by the trial court and timely objection by trial counsel. Moreover, it is not clear that petitioner's relatively broad ineffective assistance claim, alleging counsel failed to effectively represent him at trial and sentencing and which references the imposition of a mandatory term and sentencing on two counts of the same charge, shares "a common core of operative facts" with his narrowly focused due process claim relating to the court's imposition of consecutive sentences based on its, rather than a jury's, finding that petitioner's offenses did not arise out of the same continuous and uninterrupted course of conduct. Petitioner's Memorandum in Support (#30), p. 6.

Accordingly, I conclude that petitioner's due process claim (proposed amended claim) does not relate back to his ineffective assistance of counsel claim (*pro se* Ground One claim). As such, petitioner's request to amend his Petition should be denied.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

///

7 - FINDINGS AND RECOMMENDATION

## **SCHEDULING ORDER**

_____Objections to these Findings and Recommendation, if any, are due April 24, 2008. If no objections are filed, then the Findings and Recommendation will be referred to a United States District Judge for review and go under advisement on that date. If objections are filed, any response to the objections will be due fourteen days after the date the objections are filed and review of the Findings and Recommendation will go under advisement on that date.

## **NOTICE**

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this ___10th___ day of April, 2008.

                                          /s/ Paul Papak_____
                                             Paul Papak
                                             United States Magistrate Judge